## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                                        :
In re:                                  :        Civil Action No. 09-4371 (JAP)
                                        :        Bankr. Case No. 03-51524
                                        :        Adv. Pro. No. 05-6245
                                        :
CONGOLEUM CORPORATION, *et. al.*,       :
                                        :        **OPINION**
           Debtors and Debtors-in-Possession.  :
_____  :

PISANO, District Judge:

Presently before the Court is Plaintiffs Congoleum Corporation (the "Debtor"),

Congoleum Sales, Inc., and Congoleum Fiscal, Inc.'s (collectively the "Debtors") Motion for

Reconsideration of the Bankruptcy Court's Order dated January 20, 2009, denying the Debtors'

Joint Motion for Leave to File Amended Complaints in the Avoidance Actions in Adversary

Proceeding Number 05-6245 pursuant to Federal Rules of Civil Procedure 59(e), 60(b), 52(b),

and Local Civil Rule 7.1(i) of the United States District Court for the District of New Jersey.  For

the reasons stated below, the Debtors' Motion for Reconsideration is granted, the Bankruptcy

Court's Order denying the Debtors' Motion to Amend is vacated, and the Debtors' Motion to

Amend the above referenced complaint is granted.

###    I.    Background

In 2005, the Debtors initiated two adversary proceedings in the Bankruptcy Court seeking

to avoid approximately 80,000 known asbestos claims (collectively, the "Avoidance Actions").

(Adv. Pro. No. 05-6245; Adv. Pro. No. 05-6461).  The first action as filed on December 2, 2005

(the "Omnibus Avoidance Action").  (Adv. Pro. No. 05-6245).  On December 30, 2005, the

Debtors filed their First Amended Complaint in the Omnibus Avoidance Action naming the

Collateral Trustee on behalf of all of the secured claimants for former Class 3, Joseph Rice and

Perry Weitz, and approximately 80,000 asbestos claimants who were parties to a Claimant Agreement as defendants.  (Docket Entry No. 39).  Among the approximately 80,000 named defendants were claimants represented by David C. Thompson, P.C. (the "Thompson Firm") and Boechler, P.C. (the "Boechler Firm").  (Docket Entry No. 39, Exhibits 5 and 10).  In the interest of efficiency, the Bankruptcy Court issued an Order Authorizing Notice Procedures for Individual Asbestos Claimants authorizing the Debtors to serve the individual claimants through their bankruptcy counsel.  (Docket Entry No. 40).  The Thompson and Boechler Firms were served with both the original and the First Amended Complaint; neither firm entered an appearance.  (Docket Entry No. 44, Exhibits 6 and 13).  When filing their complaints in the Omnibus Avoidance Action, the Debtors inadvertently failed to name fourteen asbestos claimants represented in the bankruptcy case by the Thompson and Boechler Firms (collectively, the "Thompson Claimants").

On December 30, 2005, the Debtors initiated the second adversary proceeding when they filed a sealed complaint to Avoid and Recover Fraudulent Transfers of Property.  (Adv. Pro. No. 05-6461).  The Thompson and Boechler Firms were not served with the complaint in the second avoidance action; however, the Stipulation and Order regarding the sealed complaint were publicly available.  (Docket Entry No. 2).

On December 6, 2006, the Debtors filed their Second Amended Complaint in the Omnibus Avoidance Action adding parties formerly subject to tolling agreements.  (05-6245, Docket Entry No. 112).  The Debtors filed a Motion for Summary Judgment on April 16, 2007.  (Docket Entry No. 122).  No opposition was filed by either the Thompson or the Boechler Firms.  On August 1, 2007, default judgment was entered against the defendants.  (Docket Entry No. 150).

On September 4, 2007, the Debtors filed their Third Amended Complaint in the Omnibus Avoidance Action seeking to rescind the Claimant Agreement, the Pre-Petition Settlement Agreements, the Collateral Trust Agreement, and the Security Agreement.  (Docket Entry No. 160).  Neither the Thompson nor the Boechler Firms filed an answer to the Third Amended Complaint and default judgment was entered on October 19, 2007.  (Docket Entry No. 196).

In August 2008, the Debtors, the Bondholders' Committee, the Asbestos Claimants' Committee, and the Future Claimants' Representative reached an agreement on a plan of reorganization and a settlement of the Avoidance Actions (the "Global Settlement").  The terms of the Global Settlement were filed with the Bankruptcy Court on August 14, 2008.  (Docket Entry No. 335).  The parties to the Global Settlement also reached an agreement regarding the Avoidance Actions against the approximately 80,000 asbestos claimants who were parties to the Pre-Petition Settlement Agreements and the Claimant Agreement (the "Litigation Settlement Agreement").  The terms of the Litigation Settlement Agreement provided that the parties would be returned to the *status quo ante* that existed at the time the claimants initially filed claims against the Debtors.  On October 14, 2008, the Thompson and Boechler Firms filed an objection to the Litigation Settlement Agreement on behalf of the Thompson Claimants.  (Docket Entry No. 342).  After a hearing held on October 20, 2008, the Bankruptcy Court approved the Litigation Settlement Agreement.  (Docket Entry No.  346).  On December 9, 2008, Debtors filed their Joint Motion for Leave to File Amended Complaints in the Avoidance Actions seeking to add the Thompson Claimants as of the date of the original filing pursuant to Federal Rule of Civil Procedure 15(a) and (c).  (Docket Entry No. 354).

On January 6, 2009, the bankruptcy judge, in an opinion on the record, denied the Debtors' Motion to Amend reasoning that the Debtors had not met the requirements of Rule

15(c), and that any amendment would be futile because it would not relate back to the original filing date, and therefore, would be time barred.  (Docket Entry No. 360).  An order denying the motion was entered on January 20, 2009.  (Docket Entry No. 362).  The Debtors filed a timely Motion for Reconsideration on January 30, 2009.  (Docket Entry No. 364).  The Thompson Claimants filed their opposition on February 17, 2009.  (Docket Entry No. 367).  On February 27, 2009, the Bankruptcy Court found the Debtors' proposed Twelfth Amended Plan of Reorganization unconfirmable as a matter of law and dismissed the Debtors' Chapter 11 cases. Debtors appealed the dismissal to this Court and the Motion for Reconsideration presently before the Court was adjourned pending resolution of the appeal.  In an Opinion and Order dated August 17, 2009, this Court affirmed in part and denied in part the Bankruptcy Court's Order dismissing the Twelfth Amended Plan, and reversed and vacated the Bankruptcy Court's dismissal of the Debtor's bankruptcy cases.  (09-1337, Docket Entry No. 69  and 70).  This Court also entered an order withdrawing the reference pursuant to 28 U.S.C. § 157 as to all of the Debtors' Chapter 11 cases.  (09-1337, Docket Entry No. 70).

## II.    Standard of Review

Motions for reconsideration are governed by Local Civil Rule 7.1(i).  L. Civ. R. 7.1(i).  A district court exercises discretion on the issue of whether to grant a motion for reconsideration. *N. River Ins. Co. v. Cigna Reins. Co.*, 52 F.3d 1194, 1203 (3d Cir. 1995).  A court may grant a motion for reconsideration if the moving party establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice."  *Id.* at 1218 (internal quotation and editing marks omitted).  The party seeking reconsideration bears a heavy burden and "must show more than a disagreement with the Court's decision."  *G-69 v. Degnan*,

748 F. Supp. 274, 275 (D.N.J. 1990).  Further, the moving party's burden requires more than a mere "recapitulation of the cases and arguments considered by the court before rendering its original decision[.]"  *Id.* (internal quotation marks omitted).   Therefore, the standard for reconsideration is exacting, and is granted only sparingly.  *See Thompson v. Lappin*, No. 07-2694, 2008 WL 4661614, at *2 (D.N.J. Oct. 20, 2008) (further holding that, "a difference of opinion with the court's decision should be dealt with through the normal appellate process") (citations omitted).  It should be noted, however, that when ruling on a motion for reconsideration, "the court should keep an open mind, and should not hesitate to grant the motion if necessary to prevent manifest injustice or clear error."  *Klee v. Lehigh Valley Hosp.*, 1998 WL 966011, at *2 (E.D. Pa. Nov. 30, 1998), *aff'd*, 203 F.3d 817 (3d Cir. 1994).

## III.   Discussion

Amended and supplemental pleadings are governed by Federal Rule of Civil Procedure 15.  Fed .R. Civ. P. 15.  Rule 15(a) requires courts to freely grant leave to amend a pleading "when justice so requires."  *Id.*  When an amendment "changes the party or the naming of the party against whom a claim is asserted," Rule 15(c) allows an amendment to relate back to the "date of the original pleading" when 1) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading;" 2) the party received notice of the action such that "it will not be prejudiced in defending on the merits;" and 3) the party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed . R. Civ. P. 15(c)(1)(B)-(C)(ii).

Rule 15(c)(1)(C)(ii), the provision at issue in this Motion for Reconsideration, requires that the party being brought into the litigation by amendment "knew or should have known that

the action would have been brought against it, but for a mistake concerning the proper party's identity."  The Rule contains two discrete elements, the mistake element and the knowledge element.  *In re Global Crossing, Ltd.*, 385 B.R. 52, 66 (Bankr. S.D.N.Y. 2008).  The knowledge element is dominant because it concerns the fundamental concept of fairness to both the plaintiff and the newly added defendant.  *Id.*  A mistake concerning the identity of a party can come about through both lack of knowledge and misidentification.  *Arthur v. Maersk, Inc.*, 434 F.3d 196, 208 (3d. Cir. 2006).  The term "mistake" should be given a broad meaning encompassing both scenarios in order to give full effect to the Rule.  *Id.* at 209.   The key inquiry is whether the party being brought into the action knew or should have known that the action would be brought against it.  *Id.*  "An amendment naming a new party will relate back to the original complaint if the party had adequate notice of the action and should have known that it would have been named in the complaint but for a mistake."  *Id*.  "Federal Rule of Civil Procedure 15 embodies a liberal approach to pleading" and Rule 15(a), in combination with Rule 15(c), ensures that "an inadvertent error in pleading will not preclude a party from securing relief on the merits of a claim."  *Id.* at 202.

    In this case, the bankruptcy judge correctly found that the Debtors had satisfied the first two requirements of Rule 15(c) but erroneously found that they failed to satisfy the third requirement because they had not made a mistake "concerning the proper party's identity."  (05-6245, Docket Entry No. 360).  Relying upon the dissenting opinion in *Arthur*, the bankruptcy judge reasoned that the rule does not include the omission that occurred in this case because information containing the identities of the Thompson Claimants "was always within the Debtor's possession" and the Debtors had simply committed a mistake of transcription.  (*Id.*).  The bankruptcy judge noted that "tactical mistakes such as a conscious decision not to name a

party are [] not covered by 15(c)" and concluded that mistakes of transcription should be treated similarly.  (*Id.*).

When conducting her Rule 15(c) analysis, the bankruptcy judge focused solely on the subordinate mistake element of Rule 15(c)(1)(C)(ii).  The bankruptcy judge's conclusion that omissions such as the one that occurred here, where fourteen of 80,000 claimants were unintentionally omitted from the original complaint, should be treated as a tactical mistake is unfounded.  Tactical decisions, and therefore tactical mistakes, are intentional.  The Debtors did not intentionally decide not to sue the Thompson Claimants.  Instead, when preparing a complaint that included nearly 80,000 claimants, they inadvertently omitted the fourteen defendants they are now seeking to add.  The broad definition of mistake articulated by the Third Circuit in *Arthur*, which includes mistakes arising from both lack of knowledge and misidentification, includes the misidentification and omission of the Thompson Claimants in this case.

The bankruptcy judge's opinion did not address the knowledge element of Rule 15(c)(1)(C)(ii).  It is clear that the Thompson Claimants knew or should have known that they would have been named in the complaint but for the Debtors' mistake.  The fourteen defendants were named as part of a large class of claimants on the face of the Avoidance Action complaints. (05-6245, Docket Entry No. 39).  Furthermore, claimants represented by both the Thompson and Boechler firms were specifically named in the original complaint, and the firms were properly served with notice of the Avoidance Actions pursuant to the Bankruptcy Court's order that service be made upon claimants' counsel.  (Docket Entry No. 39, 40, 44).  Despite representing claimants specifically named in the Avoidance Actions and receiving proper notice of the proceedings, neither firm entered an appearance in the actions until 2008, three years after first

receiving notice.  "An amendment naming a new party will relate back to the original complaint if the party had adequate notice of the action and should have known that it would have been named in the complaint but for a mistake."  *Arthur*, *supra*, 434 F.3d at 209.  Because the Thompson Claimants had adequate notice of the original complaint and should have known that but for the Debtors' mistake they would have been brought into the action at its inception, this Court finds that the bankruptcy judge made a error of law warranting reconsideration and vacator of the Bankruptcy Court's Order.

**IV.    Conclusion**

For the reasons above, the Debtors' Motion for Reconsideration is granted, the Bankruptcy Court's Order denying the Debtors' Joint Motion for Leave to File Amended Complaints in the Avoidance Actions is vacated, and leave to amend is granted.   An appropriate Order accompanies this opinion.


/s/ JOEL A. PISANO
United States District Judge

Dated: January 21, 2010