| UNITED STATES DISTRICT COURT |
| DISTRICT OF NEW JERSEY |

Okin, Hollander & DeLuca L.L.P.
Parker Plaza, 400 Kelley Street
Fort Lee, NJ 07024
(201) 947-7500
Paul S. Hollander (PH-2681)
Gregory S. Kinoian (GK-7386)

Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036
(212) 858-1000
Richard L. Epling (*pro hac vice* admission)
Kerry A. Brennan (*pro hac vice* admission)

Attorneys for Debtors and Debtors-In-Possession

In re:

CONGOLEUM CORPORATION, et al.,

Debtors.

RECEIVED
MAR 12 2010
AT 8:30
WILLIAM T. WALSH
CLERK

Case No. 09-04371 (JAP)

Bankr. Case No. 03-51524
Jointly Administered

**AMENDED PRE-TRIAL ORDER SCHEDULING SUPPLEMENTAL DISCOVERY,
PRE-TRIAL MOTIONS AND HEARING ON CONFIRMATION
RELATING TO FOURTH AMENDED JOINT PLAN OF REORGANIZATION**

The schedule set forth on the following pages, numbered two (2) through six (6), is hereby **ORDERED**.

DATED: March 12, '10

_____
Honorable Joel A. Pisano
United States District Judge

500422095v1

WHEREAS, the Debtors, the Official Committee of Bondholders of Congoleum Corporation, et al. (the "Bondholders' Committee"), the Asbestos Claimants' Committee (the "ACC") and the Futures Representative ("FCR") (collectively, the "Plan Proponents") having submitted a proposed Pre-Trial Order Scheduling Supplemental Discovery, Pre-Trial Motions and Hearing on Confirmation (the "Order");

WHEREAS, notice was sent to parties in interest;

WHEREAS, all parties reserve all their rights, including without limitation, to seek additional relief with respect to this Order;

WHEREAS, good cause appearing therefore;

IT IS ORDERED that:

1. <u>Plan of Reorganization</u>: The Plan Proponents have filed with the Court the Fourth Amended Joint Plan of Reorganization ("Plan") dated March 11, 2010, reflecting updates on developments since the prior plan.

2. <u>Disclosure Statement Hearing</u>: This Court held a hearing on March 12, 2010 at 9:30 a.m. with respect to the Disclosure Statement and Voting Procedures for the Plan.

3. <u>Hearing on Claimants' Counsel Payments</u>. An evidentiary hearing will be held regarding the pre-petition payments by the Debtors to Claimants' Counsel, Joseph Rice and Perry Weitz (the "Rice and Weitz Payments") in connection with the Confirmation Hearing referenced in Paragraph 15 below.

4. <u>Supplemental Fact Discovery</u>:

(a) Supplemental fact discovery by any interested party, if any, shall be limited to the Plan and Plan Documents attached to or referenced in the Plan.

(b) Any party in interest that expects to call a fact witness at the Confirmation Hearing shall make reasonable efforts to identify all such fact witnesses on or before March 23, 2010 and shall concurrently identify the topic(s) of that anticipated testimony.

(c) All document requests shall be served no later than March 23, 2010. Document requests shall be limited in scope as set forth in subparagraph 4(a) above.

(d) All fact discovery as set forth in subparagraph 4(a) above shall be completed on or before April 26, 2010, except with respect to the Voting Agent as provided in subparagraph 4(e) below.

(e) The Voting Agent shall respond to any document requests regarding discovery about solicitation, balloting and voting on the Plan beginning on May 14, 2010.

(f) No party in interest shall be required to provide a privilege log with respect to any privileged document, not disclosed to a third party, withheld from production on the ground of attorney-client privilege, attorney work product and/or joint defense privilege. Any party asserting a privilege as to any other document shall furnish a privilege log in compliance with FRCP 26 by the deadlines established herein. With respect to any otherwise relevant documents sought in a document request, to the extent that the Debtors assert a common interest privilege with respect to communications between or among the Debtors and other Plan Proponents (and/or their counsel), they shall log such documents in a manner sufficient to allow the Insurers, if they chose, to file a motion challenging such claim of privilege. The ACC, Bondholders' Committee and Futures Representative are not required to prepare privilege logs with respect to documents withheld by them pursuant to any privilege including, but not limited to, attorney-client privilege, attorney work product, common interest privilege and/or joint defense privilege.

5. <u>Service of Papers Pursuant to the Order</u>: Service of all papers referenced in this Order shall be made on the Master E-mail Service List.

6. <u>Expert Witnesses and Depositions</u>: The Plan Proponents and any objectors shall disclose the name of any expert witnesses and the subject of such expert testimony by April 2, 2010. On or before April 12, 2010, the Plan Proponents' and objectors' expert reports shall be served. Simultaneously with the service of the expert reports, the parties shall also serve other interested parties with all documents on which the expert relies in forming his or her opinion which are not publicly and readily available. Depositions of the Plan Proponents' and objectors' expert witnesses to be called at the confirmation hearing shall take place promptly following the production of experts reports and documents upon which the expert expects to rely.

7. <u>Use of Coverage Action Discovery</u>: Notwithstanding any protective orders and any court rulings with respect to any such protective orders governing confidentiality and/or confidentiality agreements, documents exchanged or produced or deposition testimony taken in the pending coverage action involving Congoleum and the Insurers may be used in the confirmation proceedings on the Plan to the extent consistent with the Federal Rules of Evidence, Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure, provided, however, no party may use any Coverage Action discovery sought or taken after October 7, 2009.

8. <u>Use of Bankruptcy Case Discovery</u>: Notwithstanding any protective orders and any court rulings with respect to any such protective orders governing confidentiality and/or confidentiality agreements, documents exchanged or produced or deposition testimony taken in these bankruptcy cases (including without limitation in any adversary proceedings or contested matters) may be used in the confirmation proceedings on the Plan to the extent consistent with

the Federal Rules of Evidence, Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure.

9. <u>Final Witness Lists for Confirmation Hearing</u>: Each party shall file a final list of all fact and expert witnesses whom the party expects to call in person or by deposition designations (to the extent permitted by the Federal Rules) on or before May 18, 2010, except that witnesses who may be called only for impeachment or rebuttal purposes need not be included on such final list. Such witness lists must identify each witness and shall indicate whether the witness will be called at trial in person or by deposition designation as set forth herein. Such lists shall not refer generally to all witnesses listed on other parties' witness lists. Such final witness lists shall be limited to those fact and expert witnesses previously identified in accordance with the provisions of this order, except where good cause is shown. Any person named on the final witness list who was not named on the preliminary witness list by the party in interest calling that witness may be deposed by other parties in interest within 30 days after the final witness lists are filed.

10. <u>Identification of Exhibits for Confirmation Hearing</u>: Each party shall file a list of all exhibits that the party expects to offer at the Confirmation Hearing (except those to be used only for impeachment or rebuttal), on or before May 24, 2010.

11. <u>Exchange of Exhibits</u>:

    (a) Except with regard to impeachment, rebuttal and demonstrative evidence, the parties shall exchange a disk or disks containing copies of all exhibits to be offered and all schedules, summaries, diagrams, and charts to be used in their respective cases in chief at the Confirmation Hearing on or before May 27, 2010. Each proposed exhibit shall be pre-marked for identification.

    (b) With regard to demonstrative evidence, the parties shall disclose such demonstrative evidence no later than three (3) business days prior to its intended use at the Confirmation Hearing, except that demonstrative exhibits for impeachment and rebuttal purposes do not have to be

        disclosed in advance. The parties shall provide a disk, disks or hard copies containing such demonstrative evidence to be offered and each proposed exhibit shall be pre-marked for identification.

    (c)    Counsel for the parties shall consult prior to trial and shall make a good faith attempt to agree upon the joint exhibits and exhibits that will be offered into evidence without objection.

    (d)    To the extent necessary, the Debtors and any interested parties and their respective technology consultants, if any, shall arrange a meeting with the persons or persons responsible for courtroom technology issues.

12.    <u>Plan Objections Deadline</u>: Preliminary objections are due on March 29, 2010, shall be in bullet-point form and shall be the objector's reasonable efforts to attempt to list any anticipated objections to the Plan. All final objections to confirmation of the Plan shall be filed by any interested party on or before May 12, 2010.

13.    <u>Pre-Trial Briefs</u>: All pre-trial briefs in support of or in opposition to confirmation of the Plan shall be filed by May 20, 2010.

14.    <u>Trial Witnesses</u>: During each party's case-in-chief, it shall provide all other parties with at least 48 hours' notice of expected trial witnesses and the order of such witnesses. When a trial witness takes the stand, all other parties shall be required to complete any further direct and/or cross examination of such witness in order that such witness shall not need not to appear again, except for rebuttal purposes.

15.    <u>Trial Dates</u>: The Confirmation Hearing shall commence on June 7, 2010 at 10:00 a.m. before the Honorable Joel A. Pisano and shall continue on June 15 and 16, 2010, as may become necessary. 

16.    <u>Modification of Order</u>: IT IS FURTHER ORDERED that the Court may in order to prevent manifest injustice or for good cause shown, at the Confirmation Hearing or prior thereto upon application of counsel for any party, made in good faith, or upon motion of the Court, modify this Pre-Trial Order upon such conditions as the Court may deem just and proper.

| |
|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY |
| Okin, Hollander & DeLuca L.L.P.<br>Parker Plaza, 400 Kelley Street<br>Fort Lee, NJ 07024<br>(201) 947-7500<br>Paul S. Hollander (PH-2681)<br>Gregory S. Kinoian (GK-7386)<br><br>Pillsbury Winthrop Shaw Pittman LLP<br>1540 Broadway<br>New York, NY 10036<br>(212) 858-1000<br>Richard L. Epling (*pro hac vice* admission)<br>Kerry A. Brennan (*pro hac vice* admission)<br><br>Attorneys for Debtors and Debtors-In-Possession |

| | |
|---|---|
| In re:<br><br>CONGOLEUM CORPORATION, et al.,<br><br>Debtors. | Case No. 09-04371 (JAP)<br><br>Bankr. Case No. 03-51524<br>Jointly Administered |

## AMENDED PRE-TRIAL ORDER SCHEDULING SUPPLEMENTAL DISCOVERY, PRE-TRIAL MOTIONS AND HEARING ON CONFIRMATION RELATING TO ~~THIRD~~ FOURTH AMENDED JOINT PLAN OF REORGANIZATION

The schedule set forth on the following pages, numbered two (2) through six (6), is hereby **ORDERED**.

DATED: _____         _____
                              Honorable Joel A. Pisano
                              United States District Judge

WHEREAS, the Debtors, the Official Committee of Bondholders of Congoleum Corporation, et al. (the "Bondholders' Committee"), the Asbestos Claimants' Committee (the "ACC") and the Futures Representative ("FCR") (collectively, the "Plan Proponents") having submitted a proposed Pre-Trial Order Scheduling Supplemental Discovery, Pre-Trial Motions and Hearing on Confirmation (the "Order");

WHEREAS, notice was sent to parties in interest;

WHEREAS, all parties reserve all their rights, including without limitation, to seek additional relief with respect to this Order;

WHEREAS, good cause appearing therefore;

IT IS ORDERED that:

1. <u>Plan of Reorganization</u>: The Plan Proponents ~~shall file~~<u>have filed</u> with the Court the ~~Third~~<u>Fourth</u> Amended Joint Plan of Reorganization ("Plan") ~~by February 12,~~<u>dated March 11,</u> 2010, reflecting updates on developments since the prior plan.

2. <u>Disclosure Statement Hearing</u>: This Court ~~will hold~~<u>held</u> a hearing on March 12, 2010 at 9:30 a.m. with respect to the Disclosure Statement ~~for the Plan~~ and Voting Procedures for the Plan.

3. <u>Hearing on Claimants' Counsel Payments</u>. An evidentiary hearing will be held regarding the pre-petition payments by the Debtors to Claimants' Counsel, Joseph Rice and Perry Weitz (the "Rice and Weitz Payments") in connection with the Confirmation Hearing referenced in Paragraph 15 below.

4. <u>Supplemental Fact Discovery</u>:

    (a) Supplemental fact discovery by ~~the Insurers~~<u>any interested party</u>, if any, shall be limited to ~~(i)~~ the Plan and Plan Documents attached to or referenced in the Plan.

(b) Any party in interest that expects to call a fact witness at the Confirmation Hearing shall make reasonable efforts to identify all such fact witnesses on or before March 23, 2010 and shall concurrently identify the topic(s) of that anticipated testimony.

(c) All document requests shall be served no later than March 23, 2010. Document requests shall be limited in scope as set forth in subparagraph 4(a) above.

(d) All fact discovery as set forth in subparagraph 4(a) above shall be completed on or before April 26, 2010, except with respect to the Voting Agent as provided in subparagraph 4(e) below.

(e) The Voting Agent shall respond to any document requests regarding discovery about solicitation, balloting and voting on the Plan beginning on May ~~5,~~ **14,** 2010.

(f) No party in interest shall be required to provide a privilege log with respect to any privileged document, not disclosed to a third party, withheld from production on the ground of attorney-client privilege, attorney work product and/or joint defense privilege. Any party asserting a privilege as to any other document shall furnish a privilege log in compliance with FRCP 26 by the deadlines established herein. With respect to any otherwise relevant documents sought in a document request, to the extent that the Debtors assert a common interest privilege with respect to communications between or among the Debtors and other Plan Proponents (and/or their counsel), they shall log such documents in a manner sufficient to allow the Insurers, if they chose, to file a motion challenging such claim of privilege. The ACC, Bondholders' Committee and Futures Representative are not required to prepare privilege logs with respect to documents withheld by them pursuant to any privilege including, but not limited to, attorney-client privilege, attorney work product, common interest privilege and/or joint defense privilege.

5.   Service of Papers Pursuant to the Order: Service of all papers referenced in this Order shall be made on the Master E-mail Service List.

6.   Expert Witnesses and Depositions: The Plan Proponents and any objectors shall disclose the name of any expert witnesses and the subject of such expert testimony by ~~March 29,~~ **April 2,** 2010. On or before April ~~6,~~**12,** 2010, the Plan Proponents' **and objectors'** expert reports shall be served. Simultaneously with the service of the expert reports, the parties shall also serve other interested parties with all documents on which the expert relies in forming his or her opinion which are not publicly and readily available. Depositions of the Plan Proponents' **and objectors'** expert witnesses to be called at the confirmation hearing shall take place promptly following the production of experts reports and documents upon which the expert expects to rely.

7.   Use of Coverage Action Discovery: Notwithstanding any protective orders and any court rulings with respect to any such protective orders governing confidentiality and/or confidentiality agreements, documents exchanged or produced or deposition testimony taken in the pending coverage action involving Congoleum and the Insurers may be used in the confirmation proceedings on the Plan to the extent consistent with the Federal Rules of Evidence, Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure, provided, however, no party may use any Coverage Action discovery sought or taken after October 7, 2009.

8.   Use of Bankruptcy Case Discovery: Notwithstanding any protective orders and any court rulings with respect to any such protective orders governing confidentiality and/or confidentiality agreements, documents exchanged or produced or deposition testimony taken in these bankruptcy cases (including without limitation in any adversary proceedings or contested

matters) may be used in the confirmation proceedings on the Plan to the extent consistent with the Federal Rules of Evidence, Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure.

9.  **Final Witness Lists for Confirmation Hearing**: Each party shall file a final list of all fact and expert witnesses whom the party expects to call in person or by deposition designations (to the extent permitted by the Federal Rules) on or before May ~~11,~~ **18,** 2010, except that witnesses who may be called only for impeachment or rebuttal purposes need not be included on such final list. Such witness lists must identify each witness and shall indicate whether the witness will be called at trial in person or by deposition designation as set forth herein. Such lists shall not refer generally to all witnesses listed on other parties' witness lists. Such final witness lists shall be limited to those fact and expert witnesses previously identified in accordance with the provisions of this order, except where good cause is shown. Any person named on the final witness list who was not named on the preliminary witness list by the party in interest calling that witness may be deposed by other parties in interest within 30 days after the final witness lists are filed.

10. **Identification of Exhibits for Confirmation Hearing**: Each party shall file a list of all exhibits that the party expects to offer at the Confirmation Hearing (except those to be used only for impeachment or rebuttal), on or before May ~~11,~~ **24,** 2010.

11. **Exchange of Exhibits**:

    (a)  Except with regard to impeachment, rebuttal and demonstrative evidence, the parties shall exchange a disk or disks containing copies of all exhibits to be offered and all schedules, summaries, diagrams, and charts to be used in their respective cases in chief at the Confirmation Hearing on or before May ~~17,~~ **27,** 2010. Each proposed exhibit shall be pre-marked for identification.

    (b)  With regard to demonstrative evidence, the parties shall disclose such demonstrative evidence no later than three (3) business days prior to its

        intended use at the Confirmation Hearing, except that demonstrative exhibits for impeachment and rebuttal purposes do not have to be disclosed in advance. The parties shall provide a disk, disks or hard copies containing such demonstrative evidence to be offered and each proposed exhibit shall be pre-marked for identification.

(c)    Counsel for the parties shall consult prior to trial and shall make a good faith attempt to agree upon the joint exhibits and exhibits that will be offered into evidence without objection.

(d)    To the extent necessary, the Debtors and any interested parties and their respective technology consultants, if any, shall arrange a meeting with the persons or persons responsible for courtroom technology issues.

12.    <u>Plan Objections Deadline</u>: Preliminary objections are due on March 29, 2010, shall be in bullet-point form and shall be the objector's reasonable efforts to attempt to list any anticipated objections to the Plan. All final objections to confirmation of the Plan shall be filed by any interested party on or before ~~April 28,~~ **May 12,** 2010.

13.    <u>Pre-Trial Briefs</u>: All pre-trial briefs in support of or in opposition to confirmation of the Plan shall be filed by May ~~13,~~ **20,** 2010.

14.    <u>Trial Witnesses</u>: During each party's case-in-chief, it shall provide all other parties with at least 48 hours' notice of expected trial witnesses and the order of such witnesses. When a trial witness takes the stand, all other parties shall be required to complete any further direct and/or cross examination of such witness in order that such witness shall not need not to appear again, except for rebuttal purposes.

15.    <u>Trial Dates</u>: The Confirmation Hearing shall commence on ~~May 25,~~ **June 7,** 2010 at 10:00 a.m. before the Honorable Joel A. Pisano and shall continue on ~~May 26~~**June 8** and ~~27,~~**9,** 2010, if necessary.

16.    <u>Modification of Order</u>: IT IS FURTHER ORDERED that the Court may in order to prevent manifest injustice or for good cause shown, at the Confirmation Hearing or prior

thereto upon application of counsel for any party, made in good faith, or upon motion of the Court, modify this Pre-Trial Order upon such conditions as the Court may deem just and proper.

Document comparison done by DeltaView on Thursday, March 11, 2010 12:29:51 PM

| Input: | |
|---|---|
| Document 1 | interwovenSite://NYGateway/US_NE/500385478/6 |
| Document 2 | interwovenSite://NYGateway/US_NE/500422095/1 |
| Rendering set | Double Underline Bold |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 22 |
| Deletions | 21 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 43 |