NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
In re:                              :   Civil Action No. 09-4371 (JAP)
                                    :   Bankr. Case No. 03-51524
                                    :
                                    :
CONGOLEUM CORPORATION, *et. al.*,   :
                                    :   **OPINION**
    Debtors and Debtors-in-Possession. :
_____ :

PISANO, District Judge:

Presently before the Court is an objection to Congoleum Corporation (the "Debtor"), Congoleum Sales, Inc., and Congoleum Fiscal, Inc. (collectively the "Debtors"), the Official Asbestos Claimants' Committee, the Official Committee of Bondholders for Congoleum Corporation, et al, and the Futures Representative's Fourth Amended Joint Plan of Reorganization (the "Plan") filed by David C. Thompson, P.C. (the "Thompson Firm") on behalf of fourteen asbestos personal injury claimants (the "Thompson Claimants") who were made parties to the Avoidance Actions[1] pursuant to this Court's January 21, 2010 Order allowing the Debtors to file amended complaints in the Avoidance Actions and add the Thompson Claimants as defendants. For the reasons set forth below, the Thompson Claimants' objection was overruled and an order was entered confirming the Plan on June 7, 2010.

I.   Background[2]

On January 21, 2010, this Court entered an opinion and order granting Debtors' motion for reconsideration, vacating the bankruptcy court's order denying Debtors' motion for leave to

---

[1] "Avoidance Actions" shall have the meaning ascribed to them in this Court's January 21, 2010 Opinion.
[2] The facts and procedural history related to the Thompson Claimants' role in this protracted bankruptcy proceeding may be found in this Court's opinion of January 21, 2010. Here, the Court shall recite only those facts necessary for resolution of the Thompson Claimants' objection to the Plan.

1

file amended complaints in the Avoidance Actions, and granted Debtors leave to file amended complaints naming the Thompson Claimants as defendants in the Avoidance Actions. Docket Entry No. 296 & 297.[3] The Thompson Claimants opposed Debtors' motion for reconsideration, as well as Debtors' motion for leave to file amended complaints in the Avoidance Actions. The Debtors filed their Fifth Amended Complaint in the Avoidance Actions on February 9, 2010, adding the Thompson Claimants as defendants. Docket No. 05-6265, Entry No. 378. The Thompson Claimants filed an answer and counter-claims on March 8, 2010. Docket No. 09-4371, Entry No. 419. Debtors filed their reply to the Thompson Claimants' counter-claims on March 25, 2010. Docket No. 05-6265, Entry No. 380.

Debtors filed the Plan on March 11, 2010. Docket Entry No. 434. The Plan creates and funds a § 524(g) channeling trust (the "Plan Trust") out of which all asbestos personal injury claims will be paid. Docket Entry No. 434. The Plan Trust will be funded by 50.1% of the equity in the reorganized Debtors, as well as by approximately $235 million in insurance proceeds. *Id*. at 13, 14, & 22. All asbestos personal injury claims have been placed in Class 7 and will be resolved by the Plan Trust in the same manner. *Id*. at 22. All claims subject to the Litigation Settlement, Pre-Petition Settlement Agreement, Claimant Agreement, Security Agreement, Collateral Trust Agreement, or any other agreement with the Debtors, will be restored to *status quo ante*, and shall receive the same treatment as all other members of Class 7. *Id*. The asbestos personal injury claims of the Thompson Claimants have been placed in Class 7 and will be resolved by the Plan Trust. *See id*. The Plan also provides for dismissal of the Avoidance Actions within 30 days of the Plan's Effective Date. *Id*. at 28.

On March 12, 2010, this Court approved the Debtors' proposed Disclosure Statement and voting procedures. Docket Entry No. 448. The Debtors' voting agent then sent solicitation

---

[3] Unless otherwise noted, docket entry numbers refer to docket number 09-4371.

packages to holders of all known claims against the Debtors, including to all known asbestos personal injury claimants. Docket Entry No. 624. The holders of Class 7 asbestos personal injury claims voted to accept the Plan by at least two-thirds in amount and by more than one-half in number as required by 11 U.S.C. § 1126(c). *Id*. Additionally, at least 75% of Class 7 asbestos personal injury claimants voting on the Plan voted to accept the Plan as required by 11 U.S.C. § 524(g)(2)(B)(ii)(IV).[4] *Id*.

On or about May 13, 2010, the Thompson Firm filed an objection to the Plan on behalf of the Thompson Claimants. Docket Entry No. 610. Having reviewed the transcript of the June 7, 2010 confirmation hearing and the Thompson Claimants' written submissions several times, it appears that the Thompson Claimants object to confirmation on the following grounds: 1) that the Avoidance Actions are still pending, rendering confirmation premature,[5] 2) that the claims against the Thompson Claimants in the Avoidance Actions should be dismissed based on the doctrine of laches, and 3) that the Thompson Claimants' pre-petition contract claims against the Debtors are unavoided and should be classified as general unsecured contract claims in the Plan, not as asbestos personal injury claims. Docket Entry No. 434, 648, & 663. In their objection and supporting briefs, the Thompson Claimants also ask this Court to reconsider its January 21, 2010 order granting Debtors' motion for reconsideration. *Id*.

A hearing was held before this Court on June 7, 2010, at which the Debtors presented evidence in support of confirmation. The Thompson Firm appeared on behalf of the Thompson Claimants and presented argument as to why the Plan should not be confirmed. After hearing argument and reviewing the written submissions of the interested parties, the Court overruled the

---

[4] The requisite number of claimants have voted to accept the Plan notwithstanding this Court's order counting the fourteen Thompson Claimants' votes as votes to reject the Plan.
[5] The Avoidance Actions were dismissed, in accordance with the Plan terms, on July 13, 2010. Docket Entry No. 716 and 717.

Thompson Claimants' objection and entered an order confirming the Plan.  Docket Entry No. 662.

The Thompson Claimants filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit, appealing this Court's June 7, 2010 Order confirming the Plan, and this Court's January 21, 2010 Order granting Debtors' motion for reconsideration on July 2, 2010.  Docket Entry No. 705.

II.   Discussion

As a preliminary matter, the Court finds the Thompson Claimants' argument that the claims against them in the Avoidance Actions should be dismissed based on the doctrine of laches to be merely another attempt to reargue the issues decided by this Court in its January 21, 2010 Opinion and Order granting Debtors' motion for reconsideration.  Therefore, the Court shall only address the first and third arguments raised by the Thompson Claimants in their objection – that the pending Avoidance Actions render confirmation premature, and that the Thompson Claimants' pre-petition contract claims against the Debtors are unavoided and should be classified in the Plan as general unsecured contract claims, not as asbestos personal injury claims.

"Equality of distribution among creditors is a central policy of the Bankruptcy Code." *In re Combustion Engineering, Inc.*, 391 F.3d 190, 239 (3d Cir. 2004) (quoting *Begier v. IRS,* 496 U.S. 53, 58, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990)).  In order to ensure equality of distribution among creditors, the Bankruptcy Code requires that a Chapter 11 plan of reorganization provide similar treatment to similarly situated creditors.  *Id*.  The classification of claims "is constrained by two straight-forward rules: Dissimilar claims may not be classified together; similar claims

may be classified separately only for a legitimate reason." *In re Chateaugay Corp.*, 89 F.3d 942, 949 (2d Cir. 1996).

This equality of distribution principal applies to asbestos personal injury claims when a debtor seeks a channeling injunction under 11 U.S.C. § 524(g), whether or not some of the asbestos personal injury claims at issue are the subject of pre-petition settlement agreements. *See Combustion Engineering*, *surpa*, 391 F.3d at 241-42. When a Chapter 11 plan of reorganization seeks a channeling injunction and related trust pursuant to 11 U.S.C. § 524(g), the trust must operate in a manner that allows it "to pay[] present claims and future demands that involve similar claims in substantially the same manner." 11 U.S.C. §524(g)(2)(B)(ii)(V). When classifying asbestos personal injury claims, "the relevant inquiry does not turn solely on the time the outstanding personal injury claims were filed. The substance-or the 'legal character'- of the claims is also relevant." *Combustion Engineering*, *supra*, 391 F.3d at 244, n.63 (citing *In re AOV Indus. Inc.,* 792 F.2d 1140, 1150 (D.C.Cir.1986)). In *Combustion Engineering*, the Third Circuit held that a Chapter 11 plan of reorganization that sought to classify prejudgment asbestos personal injury claimants differently depending on whether the claimant was a current asbestos claimant whose claim was subject to a pre-petition settlement agreement, a current asbestos claimant whose claim was not subject to a pre-petition settlement agreement, or a future claimant, appeared to violate the policy of equality of distribution embodied in the Bankruptcy Code. *Id.* at 239-42.

In the wake of the Third Circuit's decision in *Combustion Engineering*, which rendered any plan that treated one group of similarly situated asbestos personal injury claimants differently from any other group unconfirmable, the bankruptcy court properly concluded that all prejudgment personal injury claimants were similarly situated and therefore, must receive similar

5

treatment under a confirmable plan of reorganization. 362 B.R. 167, 182 (Bankr. D.N.J. 2007). The Thompson Claimants were properly classified as asbestos personal injury claimants and placed in Class 7 in the Plan because the Debtors were required, by prior order of the bankruptcy court and by the Third Circuit's decision in *Combustion Engineering*, to treat all prejudgment asbestos personal injury claimants similarly. The Plan that was submitted to this Court on March 11, 2010, and confirmed on June 7, 2010, treats all prejudgment asbestos personal injury claims, including those that were subject to pre-petition settlement agreements, in exactly the same manner. Any other treatment of the settled asbestos personal injury claims would rendered the Plan unconfirmable as a matter of law. *See Combustion Engineering*, *supra*, 391 F.3d at 239-42; 362 B.R. at 182.

The Thompson Claimants also argue that confirmation is premature because the Avoidance Actions are unresolved. Because the Debtors are required to submit a plan of reorganization that provides similar treatment to the claims of all asbestos personal injury claimants, notwithstanding whether the claim is a contract claim or a tort claim, the outcome of the Avoidance Actions are irrelevant to creditor classification.

III.   Conclusion

The Thompson Claimant's objection is overruled for the reasons set forth above. An order overruling the Thompson Claimant's objection and confirming the Fourth Amended Joint Plan of Reorganization was entered on June 7, 2010. Docket Entry No. 664.

/s/ JOEL A. PISANO<br>United States District Judge

Dated: July 19, 2010